# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THAI HONG, | : |
| | : |
| Petitioner | : |
| | : CIVIL ACTION NO. 3:CV-13-0317 |
| v. | : |
| | : (Judge Mannion) |
| THOMAS DECKER, <u>et</u> <u>al.</u>, | : |
| | : |
| Respondents | : |

## **MEMORANDUM**[1]

Petitioner, Thai Hong, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the above captioned, counseled, petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. Hong challenges his continued detention by ICE pending removal. (Doc. No. 1, petition). Specifically, he argues that his current detention is unlawful in that he is not subject to mandatory detention under the statute relied upon by ICE, as Petitioner was not taken into immigration custody "when" he was released from state custody, but rather, was taken into custody years after release from his state sentence. (<u>Id</u>.). Petitioner argues that

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

the plain language of the provision ICE relied, and continues to rely upon, limits mandatory detention to those aliens who are taken into custody "when" they are released from incarceration for a crime that makes them deportable, not years later. (Id.). Thus, Petitioner seeks to be released from custody pending removal. (Id.). For the reasons set forth below, this Court will **GRANT** the petition for writ of habeas corpus, and direct the Immigration Judge to conduct a bond hearing pursuant to 8 U.S.C. §1226(a).

**Background**

Thai Hong, a native and citizen of Thailand, challenges his detention in the custody of York County Prison. (Id.). Hong came to the United States from Thailand in 1984, at the age of sixteen, and became a lawful permanent resident one year later, at the age of seventeen. (Id. at ¶ 13). On November 10, 1998, Hong was convicted in Municipal Court in Philadelphia of aggravated assault and sentenced to an 11½ month term of incarceration. (Id. at ¶ 14). On November 28, 2007, he was convicted in Municipal Court in Philadelphia of recklessly endangering another person and was ordered confined for a minimum of six months. (Id.).

In 2012, Hong applied for naturalization and was interviewed by the U.S. Citizenship and Immigration Services. (Id. at ¶ 15). On October 15, 2012, ICE

2

took him into custody, as removable pursuant to §237(a)(2), as having been convicted of either an aggravated felony, or crimes involving moral turpitude. (Id.). On January 22, 2013, the Immigration Judge denied Hong's application for a bond hearing, finding Hong's detention mandatory, pursuant to 8 U.S.C. §1226(c). (See Doc. No. 1, Ex. 1, Order of The Immigration Judge with Respect to Custody).

On February 7, 2013, Hong filed the instant petition for writ of habeas corpus. He asserts that his continued detention violates due process and is unreasonable and in violation of 8 U.S.C. §1226. (Doc. No. 1, petition.) Specifically, he first contends that ICE violated §1226 by improperly including him in the mandatory detention category under §1226(c) (which does not allow release on bond, even if he poses no flight risk or danger to the community). Instead Petitioner argues that his detention is properly governed by §1226(a) (which authorizes the Immigration Judge to release him on bond), because ICE did not immediately take him into custody when he was released from incarceration for an offense listed in §1226(c). Second, he argues that, if his detention is governed by §1226(c), then his continued future detention will be unreasonably prolonged in violation of due process under Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir.2011). Third, he maintains that his continued

3

mandatory detention violates due process because, given the substantiality of his challenge to removal, ICE is unlikely to ultimately remove him.

**Discussion**

Pursuant to 28 U.S.C.§ 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2241(c)(3). Federal courts have subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) if two requirements are satisfied, namely, that (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). In this case, Petitioner is in custody within this Court's jurisdiction, and has alleged that his detention is not statutorily authorized and violates his constitutional right to Due Process. Accordingly, the Court will exercise subject matter jurisdiction over the instant petition.

Section 1226(a) authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. 8 U.S.C. §1226(a). Except as provided in §1226(c), the Attorney General may release the alien on "bond of at least $1,500." 8 U.S.C. §1226(a)(1)(A).

By contrast, INA §236©, codified at 8 U.S.C. §1226(c), mandates detention

4

of specified criminal aliens, without bond, during removal proceedings. It provides:

> The Attorney General shall take into custody any alien who-
>
> (A) is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under Section 1227(a)(2)(A)(I) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under Section 1182(a)(3)(B) of this title or deportable under Section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. §1226(c).

Petitioner asserts that §1226(c) does not apply to him because ICE failed to detain him immediately upon his release from criminal incarceration, and instead waited almost four years from his release date to detain him.

Although the Third Circuit has yet to rule on the "when the alien is released"

5

issue under §1226(c) and Matter of Rojas, 23 I. & N. Dec. 117 (BIA 2001)[2], the First Circuit and a number of Judges in this circuit have rejected the government's argument that §1226(c) is ambiguous.[3] See, e.g., Saysana v. Gillen, 590 F.3d 7, 16 (1st Cir.2009); Rodriguez v. Shanahan, No. 12–6767(FLW), 2013 WL 396269 (D.N.J. Jan.30, 2013); Kerr v. Elwood, 2012

---

[2]Matter of Rojas involved the alien's appeal to the BIA of the Immigration Judge's rejection of the argument that Rojas was not subject to mandatory detention under §1226(c) because the government failed to apprehend him at the time of his release from incarceration on parole for an offense covered by §1226(c), and instead waited two days before taking him into custody. See Matter of Rojas, 23 I. & N. Dec. 117. The BIA determined that the language in §1226(c)(1) is not clear, but is susceptible to different readings. Id. at 120. The BIA then construed the statutory language as follows: "We construe the phrasing 'an alien described in paragraph (1),' as including only those aliens described in subparagraphs (A) through (D) of section [1226(c)(1) ], and as not including the 'when released' clause." Matter of Rojas, 23 I. & N. Dec. at 125. Because the BIA concluded that the "when the alien is released" clause does not describe the alien who is subject to mandatory detention under §1226(c)(1), the BIA found that Rojas "is subject to mandatory detention pursuant to section [1226©], despite the fact that he was not taken into Service custody immediately upon his release from state custody." Matter of Rojas, 23 I. & N. Dec. at 127.

[3]The issue is pending before the Third Circuit in Sylvain v. Holder, C.A. No. 11–3357 (3d Cir. docketed Aug. 31, 2011) (DHS appealed Judge Pisano's order granting habeas relief and ordering a bond hearing), and Desrosiers v. Hendricks, C.A. No. 12–1053 (3d Cir. docketed Jan. 11, 2012) (petitioner's appeal of Judge Hochberg's order denying habeas relief).

WL 5465492 (D.N.J. Nov.8, 2012); Baguidy v. Elwood, 2012 WL 5406193 (D.N.J. Nov.5, 2012); Charles v. Shanahan, 2012 WL 4794313 *6 (D.N.J. Oct.9, 2012); Kporlor v. Hendricks, 2012 WL 4900918 *6 (D.N.J. Oct.9, 2012); Campbell v. Elwood, 2012 WL 4508160 (D.N.J. Sept.27, 2012); Kot v. Elwood, 2012 WL 1565438 (D.N.J. May 2, 2012); Christie v. Elwood, 2012 WL 266454 (D.N.J. Jan.30, 2012). This Court joins the vast majority of federal courts that have addressed this issue, and finds that, because Petitioner was not taken into immigration custody when he was released by state officials from his qualifying offense(s), §1226(c) does not apply, and he is entitled to an individualized bond hearing with an Immigration Judge. See Ortiz v. Holder, No. 1:11CV1146 DAK, 2012 WL 893154, at * 3, n.4 (D. Utah March 14, 2012)(collecting cases). A separate Order will be issued.

        s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States District Judge**

Dated: March 4, 2013
C:\Users\pronko\Desktop\13-0317-01.wpd