# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THAI HONG,** | : |
| **Petitioner** | : |
| | :      **CIVIL ACTION NO. 3:CV-13-0317** |
| v. | : |
| | :      **(Judge Mannion)** |
| **THOMAS DECKER, et al.,** | : |
| **Respondents** | : |

## MEMORANDUM[1]

## I.     Procedural Background

Petitioner, Thai Hong, a detainee of the Immigration and Customs Enforcement Agency, ("ICE"), formerly confined in the York County Prison, York, Pennsylvania, filed the above captioned, counseled, petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. Hong challenged his continued detention by ICE pending removal. (Doc. No. 1, petition). Specifically, he argued that his detention was unlawful in that he was not subject to mandatory detention under the statute relied upon by ICE, as Petitioner was not taken into immigration custody "when" he was released from state custody, but rather, was taken into

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

custody years after release from his state sentence. (Id.). Petitioner argued that the plain language of the provision ICE relied upon, and continues to rely upon, limits mandatory detention to those aliens who were taken into custody "when" they were released from incarceration for a crime that makes them deportable, not years later. (Id.).

By Memorandum and Order dated March 4, 2013, the Court granted the petition for writ of habeas corpus, directed that Respondent provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. §1226(a)(2), and closed the case. (Doc. No. 7, Order).

By Order dated March 27, 2014, the Court granted Respondent's motion for reconsideration on the basis that the decision of the United States Court of Appeals for the Third Circuit in Sylvain v. Attorney Gen., 714 F.3d 150 (3d Cir.2013), held that §1226(c) does not require ICE detention to immediately follow an alien's release from incarceration, invalidating the basis for the March 4, 2013 Memorandum and Order. (Doc. No. 19). Thus, the matter is presently before the Court, on Respondent's motion for reconsideration of this Court's March 4, 2013 Memorandum and Order, (Doc. No. 7), denying the petition for writ of habeas corpus. Upon reconsideration, for the reasons set forth below, the petition for writ of habeas corpus will be **DENIED**.

## II.     Factual Background

Thai Hong, a native and citizen of Thailand, challenged his detention in the custody of York County Prison. (Id.). Hong came to the United States from Thailand in 1984, at the age of sixteen, and became a lawful permanent resident one year later, at the age of seventeen. (Id. at ¶ 13). On November 10, 1998, Hong was convicted in Municipal Court in Philadelphia of aggravated assault and sentenced to an 11½ month term of incarceration. (Id. at ¶ 14). On November 28, 2007, he was convicted in Municipal Court in Philadelphia of recklessly endangering another person and was ordered confined for a minimum of six months. (Id.).

In 2012, Hong applied for naturalization and was interviewed by the U.S. Citizenship and Immigration Services. (Id. at ¶ 15). On October 15, 2012, ICE took him into custody, as removable pursuant to §237(a)(2), as having been convicted of either an aggravated felony, or crimes involving moral turpitude. (Id.). On January 22, 2013, the Immigration Judge denied Hong's application for a bond hearing, finding Hong's detention mandatory, pursuant to 8 U.S.C. §1226(c). (See Doc. No. 1, Ex. 1, Order of The Immigration Judge with Respect to Custody).

Hong files the instant petition for writ of habeas corpus, asserting that his

continued detention violates due process and was unreasonable and in violation of 8 U.S.C. §1226. (Doc. No. 1, petition.) Specifically, he first contended that ICE violated §1226 by improperly including him in the mandatory detention category under §1226(c) (which does not allow release on bond, even if he poses no flight risk or danger to the community). Instead Petitioner argued that his detention was properly governed by §1226(a) (which authorizes the Immigration Judge to release him on bond), because ICE did not immediately take him into custody when he was released from incarceration for an offense listed in §1226(c). Second, he argued that, if his detention was governed by §1226(c), then his continued future detention would be unreasonably prolonged in violation of due process under Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir.2011). Third, he maintained that his continued mandatory detention violated due process because, given the substantiality of his challenge to removal, ICE was unlikely to ultimately remove him.

### III. Discussion

The apprehension and detention of aliens, pending removal decisions, are governed by the provisions of 8 U.S.C. §1226. Under §1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a

decision on whether the alien is to be removed from the United States. Although §1226(a) permits discretionary release of aliens on bond, §1226(c)(1) states that "[t]he Attorney General shall take into custody any alien who—(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title ... when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. §1226(c)(1). Aggravated felonies fall under §1226(a)(2)(A)(iii).

Hong first argues that he should not be subject to mandatory detention under Section 1226(c) because ICE did not immediately place him into custody when he was released from prison on the allegedly removable offense. Under 8 U.S.C. §1226(c)(1)(B), the Attorney General **shall** take into custody "any alien who ... (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, ... **when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. §1226(c)(1)(B) (emphasis added).

However, as Respondent points out in their supplemental brief, addressing the applicability of Sylvain v. Attorney General of U.S., 714 F.3d 150, 157, 161 (3d Cir.2013), (see Doc. No. 18), on April 22, 2013, the Third Circuit resolved the issue of mandatory detention, reversing Sylvain v. Holder, 2011 WL 2580506 (D.N.J. June 28, 2011) on appeal, and holding that the ICE does not lose its authority to impose mandatory detention under 8 U.S.C. §1226(c), even if the Government has delayed in detaining the alien when the alien was released from state or federal custody. Sylvain v. Attorney General of U.S., 714 F.3d 150, 157, 161 (3d Cir.2013). The Third Circuit concluded:

> Our holding rests on a simple observation: even if the statute calls for detention "when the alien is released," and even if "when" implies some period of less than four years, nothing in the statute suggests that officials lose authority if they delay. With this holding, we neither condone government indolence nor express approval for the delay in this case. But as the Supreme Court has explained in a related context, "[t]he end of exacting compliance with the letter of [the statute] cannot justify the means of exposing the public to an increased likelihood of violent crime by persons on bail, an evil the statute aims to prevent." Montalvo–Murillo, 495 U.S. at 720. Accordingly, we will reverse the District Court's judgment.

Id. at 161. The Third Circuit's mandate in Sylvain definitively bars Hong's "when released" claim, which is based on the identical argument rejected in Sylvain.

Moreover, as Hong was only detained for five months before being released on bond on March 12, 2013, (See Doc. No. 8, Notice), he cannot assert

a claim of unreasonably prolonged detention in violation of the Due Process Clause under Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir.2011) (finding that Diop's nearly three year detention was unconstitutionally unreasonable and, therefore, a violation of due process). In Diop, the Third Circuit concluded that the mandatory detention statute, §1226(c), implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. 656 F.3d at 231. In this case, Hong's mandatory detention at the time of filing the instant action was less than six months. His removal proceedings are on-going, and he alleges no facts to show that his continued detention, is or will become unreasonably prolonged or indefinite. At this juncture, his detention is both mandatory and constitutionally permissible, and his petition for release from custody will be denied. An appropriate Order shall issue.

                s/ *Malachy E. Mannion*
                **MALACHY E. MANNION**
                **United States District Judge**

**Dated: March 27, 2013**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-0317-02.wpd